IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD GARY MCGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  08-1072-JTM-KMH |
| ) | |
| AMERICAN FAMILY MUTUAL INSURANCE ) | |
| COMPANY, AMERICAN FAMILY LIFE ) | |
| INSURANCE COMPANY, AND AMERICAN ) | |
| STANDARD INSURANCE COMPANY OF ) | |
| WISCONSIN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
NOTICE TO TAKE DEPOSITION *DUCES TECUM* PURSUANT TO
RULE 30(b)(6) AND, TO THE EXTENT IT MAY BE REQUIRED BY THE FEDERAL
RULES OF CIVIL PROCEDURE, MOTION FOR A PROTECTIVE ORDER**

Defendants respectfully object to portions of the plaintiff's Notice To Take Deposition *Duces Tecum* Pursuant to Rule 30(b)(6) (Doc. 15) ("the Notice" or "said Notice"). In the alternative, defendants move the Court for a protective order. Specifically, defendants object to paragraphs 10, 11, 12, 13, 14, 15 and 16 of the Notice, which would require defendants to designate a witness or witnesses to testify on defendant's behalf regarding the following:

10. Identifying those individuals involved in servicing or administration of agents, whether identified as Agency Services or otherwise, from 1989 through the present.  For each person, the witness should identify the following:

    a. Name.
    b. Position held and area of responsibility.
    c. Date of employment.
    d. Last known contact information, including address, e-mail address, and telephone numbers.

11. Identify the departments within American Family involved in drafting, revising, or adopting American Family Agent Agreements from 1989 through 2006 as it relates specifically to a change in agent compensation, including but not limited to, agent compensation schedules, extended earnings, amount of extended earnings, and extended earnings manner of payment. [This is not intended to cover departments involved in drafting, revising, or adopting language in the Agreements on matters other than agent compensation].

12. Identify the individuals within American Family involved in drafting, revising, or adopting American Family Agent Agreements from 1989 through 2006 as it relates specifically to a change in agent compensation, including but not limited to, agent compensation schedules, extended earnings, amount of extended earnings, and extended earnings manner of payment, and identify the documents generated by each individual regarding same. [This is not intended to cover individuals involved in drafting, revising, or adopting language in the Agreements on mattes other than agent compensation].

13. Identify all studies, reports, memoranda, papers, and/or presentations regarding the economic impact to American Family of the different American Family Agent Agreements beginning in 1989, including any comparison between different versions of the Agreements, and advantage to American Family of agents being under one Agreement versus another Agreement.

14. Identify all correspondence, including e-mail correspondence, internal memoranda, notes, presentation material, talking point material, etc., regarding changes to agent compensation in American Family Agent Agreements from 1989 to the present, supplied to State, District and/or Regional Managers with responsibility for agent recruitment, agent relations and/or agent agreements.

15. Identify all studies, reports, memoranda, papers, and/or presentations from 1989 through 2006 regarding the effect of, or need to, provide American Family agents with existing American Family policies, either as a part fo the advanced compensation plan or otherwise.

>  16. Identify all studies, reports, memoranda, papers, and/or presentations from 1989 through 2006 regarding the impact of effect of terminating contracts of existing American Family agents and replacing those agents with a replacement agent.

(Doc. 15, pp. 4-5).

Should the Court determine that the sole procedural vehicle available to challenge a Rule 30(b)(6) deposition notice is to file a motion for protective order pursuant to Rule 26(c), Fed.R.Civ.P., defendants respectfully move for such an order relieving defendants from the obligation to produce a witness or witnesses to testify regarding the matters set forth in said paragraphs, and for leave to brief the issues more fully.

### *Basis of Defendants' Objections*

Defendants object to those portions of the Notice set forth above on the ground that requiring defendants to designate a witness or witnesses to testify regarding the described topics is not reasonably calculated to lead to the discovery of admissible evidence. This requires an explanation. Defendants are insurance companies that make various insurance products available for sale to the public in Kansas and 19 other states. Plaintiff acted as an agent on behalf of defendants in the sale and servicing of these products pursuant to a detailed written agreement ("the Agreement"), subject at all times to the insurance laws and licensing requirements of the State of Kansas. Pursuant to paragraph 4(i) of the agreement, plaintiff agreed to refrain from any practice that would be prejudicial to defendants, and "to abide by and comply with all applicable insurance laws and regulations."

K.S.A. 40-2403 prohibits insurance agents licenses in Kansas from engaging in "unfair method(s) of competition or unfair and deceptive act(s) and practice(s) in the business of insurance." A list of specific acts and practices prohibited by Kansas law is then set forth at K.S.A. 40-2404. Among the prohibited acts and practices identified by the statute is a practice referred to as "rebating." *See*, K.S.A. 40-2404(8). Rebating is said to occur under a number of different circumstances, including when an insurance agent:

> . . . knowingly permit(s), offer(s) to make or mak(es) any contract of life insurance, life annuity or accident and health insurance, or agreement as to such contract other than as plainly expressed in the insurance contract issued thereon; (or) pay(s), allow(s), give(s) or offer(s) to pay, allow or give, directly or indirectly, as an inducement to such insurance or annuity, any rebate of premiums payable on the contract, any special favor or advantage, in the dividends or other benefits thereon, or any valuable consideration or inducement whatsoever not specified in the contract . . .

*Id.*

On or about January 3, 2006, defendants notified plaintiff of their decision to terminate the Agreement for engaging in activities that constitute rebating under Kansas law. This action followed. Plaintiff has asserted two claims: that defendants breached the Agreement, and that in doing so, defendants breached the implied covenant of good faith and fair dealing.

It is undisputed that plaintiff, on multiple occasions, paid a portion of the premium due to defendant American Family Life Insurance Company for an insurance policy plaintiff sold to a customer. (*See*, Plaintiff's Responses To Request For Admissions, ¶¶ 9-20). Plaintiff denies that his actions constituted rebating within the

Case 6:08-cv-01072-JTM-KMH   Document 20   Filed 08/14/08   Page 5 of 9

meaning of K.S.A. 40-2404(8) (*see*, Plaintiff's Responses To Request For Admissions, ¶ 21); however, this constitutes a legal question.

### *Evidence of Defendants' Motive in Terminating the Agreement*

Defendants submit that they had a clear and unequivocal right to terminate the Agreement in the wake of plaintiff's conduct and, thus, that they are not in breach of the Agreement. Plaintiff's goal in requiring defendants to designate a witness or witnesses to discuss the matters discussed in paragraphs 10 through 16 of the Notice appears to be to attempt to develop evidence proving that defendants had an ulterior motive in terminating the Agreement, which plaintiff would then presumably point to in support of his claim that defendants breached the implied warranty of good faith and fair dealing. Although defendants deny this apparent contention, they respectfully submit that it doesn't matter what their designated witnesses might say regarding these topics. An action for breach of the implied covenant of good faith and fair dealing will not lie when its alleged basis is an action the defendant was specifically authorized to take pursuant to the contract in issue. See, *M&I Marshall &Ilsley Bank v. Schlueter*, 258 Wis.2d 865, 655 N.W.2d 521, 525 (Ct. App. 2002); *Super Valu Stores, Inc. v. D-Mart Food Stores, Inc.*, 146 Wis.2d 568, 431 N.W.2d 721 726 (Ct. App. 1988); *see*, *also*, *Baker v. Penn Mutual Life Ins. Co.*, 788 F.2d 650 (10th Cir. 1986); *Bishop v. Shelter Mutual Insurance Company*, 129 S.W.3d 500 (Mo. App. 2004).[1]

Defendants recognize that the scope of discovery is broad. Nevertheless, under these circumstances, information of the character contemplated by plaintiff's Notice --

---

[1] The Agreement contains a choice of law provision which suggests that it is to be governed by Wisconsin law.

defendants' financial affairs, business philosophy and motive in terminating the Agreement -- should have no bearing on this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

### *Paragraph 10*

Defendants object to paragraph 10 of the Notice for the additional reason that it would constitute an undue burden on defendants to designate a witness or witnesses to assemble information regarding each individual it has employed at any point during the past 20 years who may have been engaged at any level in the Agent Services. Defendant is party to agreements with approximately 4,000 independent agents, whose relationships with defendants are serviced by hundreds of employees, working within three distinct regions. (Agents in Kansas are assisted by Agent Services employees located in St. Joseph, Missouri.) On the facts of this case, defendants should not be required to assign multiple employees to undertake the research necessary to assemble information of the described character.

### *Procedural Question*

As suggested above, defendants are concerned that the Court may determine that the sole procedural vehicle available to challenge a deposition notice is a motion for protective order pursuant to Rule 26(c), Fed.R.Civ.P., as there is some authority that appears to stand for this proposition. *See*, *e.g.*, *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). For the reasons discussed by Magistrate Waxse in *Sprint Communications Co., L.P. v. Vonage Holdings Corp.*, 2007 WL 2333356 (D. Kan. 2007), however, this rule is not absolute. Rule 26(c) des not discuss the granting of a protective order when the moving party does not specifically seek relief to prevent

"annoyance, embarrassment, oppression or undue burden or expense," and there are occasions when a litigant should be permitted to seek relief from a Rule 30(b)(6) deposition notice for other reasons, including lack of relevance. *Id.*

Defendants submit that this is such a case. Should the Court disagree regarding the defendants' approach to raising their objections, defendants respectfully move for a protective order relieving defendants from the obligation to produce a witness or witnesses to testify regarding the topics identified above.

### *Timeliness*

The Notice in issue was filed on May 12, 2008. It identified June 24, 2008 as the date for defendants to produce a witness or witnesses to testify regarding the described topics. The parties had commenced informal discussions regarding defendants' concerns regarding the notice when, on May 31, 2008, defense counsel's brother died suddenly and unexpectedly. Defense counsel contacted plaintiff's counsel to request a postponement of the deposition, to permit defense counsel time to attend to family obligations and to grieve. Plaintiff's counsel very graciously agreed to this request.

At that point, the timing of issues related to the Notice frankly got off the track. Defense counsel sought an extension of the deadline for fact discovery provided for in the scheduling order, but did not seek clarification from plaintiff's counsel regarding an appropriate deadline for the filing of formal objections or a motion for protective order in relation to the Rule 30(b)(6) notice. The parties have since then communicated informally at some length on several occasions regarding defendants' objections to the notice, concluding only yesterday that it would be necessary to posture this matter to obtain a ruling from the Court.

Defense counsel understands that plaintiff's counsel will not object to the present objections as being untimely. To the extent it may be significant, defense counsel does not expect plaintiff's counsel to file a renewed deposition notice for a date in the future. Defense counsel acknowledge that this matter has been pending for some time and that there is a need to work vigorously to avoid further delay.

### *Conclusion*

For the reasons discussed above, defendants object to those portions of plaintiff's Notice To Take Deposition *Duces Tecum* Pursuant To Rule 30(b)(6) discussed above. In the alternative, defendants move for a protective order relieving them of the obligation to produce a witness or witnesses to testify regarding the subjects identified in these objections.

By: s/William P. Tretbar
William P. Tretbar, #10473
Brooks Kancel, #22037
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361
Fax: (316) 267-1754
Email: wtretbar@fleeson.com
Email: bkancel@fleeson.com

**CERTIFICATE OF SERVICE**

  I certify that on August 14, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Kyle J. Steadman
    Mark A. Biberstein
    Foulston Siefkin LLP
    1551 N. Waterfront Parkway, Suite 100
    Wichita, Kansas 67206-4466
    *Attorneys for Plaintiff*

            s/William P. Tretbar
            Brooks Kancel, #22037
            William P. Tretbar, #10473
            wtretbar@fleeson.com
            bkancel@fleeson.com
            Fleeson, Gooing, Coulson & Kitch, L.L.C.
            1900 Epic Center, 301 N. Main
            Wichita, Kansas  67202
            Telephone:  (316) 267-7361
            Facsimile:   (316) 267-1754
            *Attorneys for Defendant*s