IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD GARY MCGUIRE,**           )
                                     )
        **Plaintiff,**               )
                                     )
v.                                   )     Case No. 08-1072-JTM
                                     )
**AMERICAN FAMILY MUTUAL**           )
**INSURANCE COMPANY, et al.,**       )
                                     )
        **Defendants.**              )
                                     )
                                     )

## **MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion for a protective order (Doc. 39).[1] For the reasons set forth below, the motion shall be GRANTED IN PART & DENIED IN PART.

### **Background**

This is a breach of contract case. Highly summarized, plaintiff alleges that he became a licensed Kansas insurance agent for defendants in 1989 and established an office in Mulvane, Kansas. In January 1993 plaintiff executed an American Family Agent Agreement (the "Agreement") which defined his relationship with defendants. Plaintiff contends that

---

[1] Both sides filed written briefs in support of their respective positions. In addition, the parties engaged in limited oral argument during an April 14, 2009 telephone conference with the court.

defendants breached the Agreement when they terminated him in January 2006 without prior written notice for allegedly engaging in "rebating," a practice prohibited by K.S.A. §§ 40-2403 and 40-2404(8). Plaintiff also alleges that defendants breached an implied covenant of good faith and fair dealing.[2]

Defendants concede that plaintiff's agency relationship was terminated without prior written notice but argue that the Agreement specifically allows for termination without written notice for "dishonest, disloyal or unlawful conduct." Because rebating is unlawful under Kansas law, defendants argue that the termination was pursuant to the terms of the Agreement and the contract was not breached. Plaintiff denies that he engaged in illegal rebating.[3]

---

[2] Under the Agreement, plaintiff's compensation level increased with his length of service with defendants. He contends that defendants terminated the relationship three months short of an anniversary, at which time his compensation level would have increased significantly. The agency and his accounts were then transferred to a "rookie" agent earning compensation at a substantially lower rate, thereby increasing defendants' earnings.

[3] The rebating dispute relates to a specific life insurance policy. Plaintiff concedes that he sold a life insurance policy to an American Family employee in 2000 and directly paid a portion of the premium for the next four years; however, plaintiff denies that he engaged in the illegal practice of rebating premiums. Plaintiff contends that defendants initially charged an incorrect premium based on blood tests showing an elevated cholesterol level. Plaintiff had the customer provide blood samples after appropriate fasting which resulted in a lower cholesterol level and arguably qualified the customer for a lower premium. Over the next four years plaintiff submitted his own check for the difference in premiums to defendants and annually requested that defendants correct the premium charge. Plaintiff asserts that defendants finally "re-priced" the premium rate *after* terminating his agency Agreement and returned all of the overpayments on the policy to plaintiff. Doc. 23, pages 1-4.

## Motion for Protective Order

Defendants move for a protective order concerning Yvonne M. Johnson, an attorney employed by American Family at its headquarters in Madison, Wisconsin. Specifically, defendants seek an order prohibiting (1) discovery of Ms. Johnson's "file" and (2) her deposition. The following information provides context concerning Ms. Johnson and the court's ruling.

Ms. Johnson was contacted by Clint Poeschl, an American Family District Manager from Kansas, by e-mail in late December 2005 with concerns that plaintiff might be engaged in illegal rebating. The two discussed Mr. McGuire and the rebate issue at least two times by phone (December 22 and 27) and Johnson sent Poeschl an e-mail message on December 27, 2005. Defendants "terminated" plaintiff's agency on January 3, 2006.

Defendants listed both Mr. Poeschl and Ms. Johnson as "individuals likely to have discoverable information" in their Rule 26(a)(1) initial disclosures. During the December 18, 2008 deposition of Mr. Poeschl an issue arose as to whether defendants had waived the attorney-client privilege. Counsel contacted the court by telephone for a ruling and, based on (1) defendants' earlier production of an e-mail disclosing communications between Poeschl and Johnson and (2) Mr. Poeschl's testimony concerning Johnson's input during his investigation of plaintiff's conduct, the court concluded that a "limited" waiver of the attorney-client privilege had occurred. The court ordered Mr. Poeschl to answers questions regarding his telephone conversations with Ms. Johnson in December 2005 and the production of two e-mail messages. Doc. 30, filed January 5, 2009.

The two e-mail messages were immediately produced and, following the deposition,

-3-

plaintiff asked that defendants produce "the files of Yvonne Johnson which memorialize her involvement in the investigation and defendants' decision to terminate the agent agreement of Gary McGuire." Plaintiff's counsel also advised that, depending the content of the documents, plaintiff might take Ms. Johnson's deposition.

Defendants move for a protective order, arguing that (1) the "limited waiver" should not allow plaintiff access to communications Johnson may have had with other American Family employees and (2) Ms. Johnson should not be deposed.[4] Plaintiff counters that defendants waived the attorney-client privilege concerning Johnson's participation in plaintiff's termination; therefore, the deposition should be permitted and the documents produced. Equally important, plaintiff argues that defendants are relying on the "advice of counsel" as part of its defense to plaintiff's claim for breach of an implied covenant of good faith and fair dealing. Plaintiff offers to withdraw his request to review documents and to depose Johnson if the court enters an order precluding defendants from "stating, suggesting, or in any way insinuating that American Family had an attorney render an opinion on whether McGuire engaged in rebating." Doc. 45, p. 6.

In an effort to expedite resolution of this dispute, the documents requested from Ms. Johnson's file were reviewed in camera and a telephone conference was conducted on April 14, 2009. In response to the court's questions, defendants explicitly declined to waive their defense of "advice of counsel."

---

[4] The only apparent "other" employees Johnson spoke with concerning the termination are Rachel Burton, another manager for defendants, and a vice president named Ranger Duran.

-4-

Defendants' request for a protective order for Johnson's "file" is largely a matter of principle because the documents contain *extremely* little information. With the exception of a copy of the relevant Kansas statute, the withheld materials reflect short, handwritten notations on Johnson's "telephone information log." The e-mail messages already provided to plaintiff and (2) the description in defense counsel's cover letter to the court (shared with plaintiff's counsel) contain a more complete factual explanation than can be found in Johnson's cryptic handwritten notes. The more substantive discovery issue is the deposition of Johnson, discussed below.

Defendants argue that only a "limited waiver" has occurred and that in order to take in-house counsel's deposition, plaintiff must demonstrate that (1) no other means exist to obtain the information in issue, (2) the information is relevant and unprivileged, and (3) the information is crucial to the preparation of the litigant's case. See Simmons Food, Inc. v. Willis, 191 F.R.D. 625 (D. Kan. 2000)(utilizing the factors described in Shelton v. American Motors Corp., 805 F. 2d 1323, 1326 (8th Cir. 1986). Defendants argue that plaintiff has only established a waiver of privilege for communications between Johnson and Poeschl; therefore, deposition questions concerning Johnson's conversations with other employees is still protected. Defendants also argue that plaintiff must take the deposition of the "other" employees before seeking to take Johnson's deposition.

Defendants' assertion of a "limited" waiver to support their request for a protective order is not persuasive. Defendants voluntarily and intentionally revealed attorney-client communications concerning the issue of "rebating" in support of their "advice of counsel" defense. Defendants cannot now invoke the attorney-client privilege on a selective basis to

deny plaintiff access to the very information that they may assert in defending plaintiff's claim that defendants failed to act in good faith. Kansas Food Packers v. Corpack, 99-1418-JTM, 2000 U.S. Dist. LEXIS 19813 (D. Kan. Oct. 12, 2000). Additionally, Judge Waxse noted in Simmons that the Tenth Circuit "does not require lower courts to utilize a definitive test (such as the Shelton criteria) in every case where opposing counsel's deposition is sought." Simmons, 191 F.R.D. at 630-31 (citing Boughton v. Cotter Corp., 65 F.3d 823, 829-31 (10th Cir. 1995). Under the circumstance presented in this case, the court declines to apply the Shelton criteria.

Although the court is not persuaded that Ms. Johnson's deposition should be prohibited, the scope of the deposition should be limited to her involvement in the termination beginning December 22, 2005 through January 3, 2006 (the date of plaintiff's termination).[5] This time frame appears adequate to address defendants' "advice of counsel" defense. Questions related to Ms. Johnson's subsequent monitoring or coordination of this litigation as in-house counsel are prohibited.[6]

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order (**Doc. 39)** is GRANTED IN PART and DENIED IN PART, consistent with the rulings set

---

[5] Defendants' suggestion that any deposition should be limited to conversations between Poeschl and Johnson is denied.

[6] Defendants' request for a protective order concerning the documents from Ms. Johnson's file for the period December 22, 2005 through January 3, 2006 shall similarly be denied.

forth herein.  The documents shall be produced and the deposition taken on or before **May 13, 2009.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of April 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge