**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RICHARD GARY MCGUIRE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-1072-JTM |
| ) | |
| **AMERICAN FAMILY MUTUAL** ) | |
| **INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff served the Kansas Insurance Department ("KID") with two subpoenas: one for the testimony of Leroy Brungardt, the Director of KID's "Producers Division," and one for the production of certain records. KID moves to quash, arguing that the deposition and the production of the records are prohibited by K.S.A. 40-4913(d)(2) and (d)(3). KID also argues that the records subpoena is unduly burdensome and overly broad and requests documents that include work product materials. Plaintiff opposes the motion and, alternatively, asserts that Mr. Brungardt should not be allowed as a witness in this case if discovery is not permitted. Defendant contends that Mr. Brungardt should remain a witness in the case but that a protective order may be warranted. For the reasons set forth below, KID's motion shall be DENIED with certain limitations. Plaintiff's alternative request to strike Mr. Brungardt as a witness shall be DENIED.

## Nature of the Case[1]

This is a breach of contract case. Highly summarized, plaintiff alleges that he became a licensed Kansas insurance agent for defendants in 1989 and established an office in Mulvane, Kansas. In January 1993 plaintiff executed an American Family Agent Agreement (the "Agreement") which defined his relationship with defendants. Plaintiff contends that defendants breached the Agreement when they terminated him in January 2006 without prior written notice for allegedly engaging in "rebating," a practice prohibited by K.S.A. §§ 40-2403 and 40-2404(8)(defining rebates). Plaintiff also alleges that defendants breached an implied covenant of good faith and fair dealing.[2]

Defendants concede that plaintiff's agency relationship was terminated without prior written notice but argue that the Agreement specifically allows for termination without written notice for "dishonest, disloyal or unlawful conduct." Because rebating is illegal under Kansas law, defendants argue that the termination was pursuant to the terms of the Agreement and the contract was not breached. Plaintiff denies that he engaged in "rebating."

The rebating dispute relates to a specific life insurance policy. Plaintiff concedes that

---

[1] The "Background" section is merely a general summary of the parties' allegations and contentions and provides context for the motions. The section should not be construed as factual findings or any ruling concerning the merits of the case.

[2] Under the Agreement, plaintiff's compensation level increased with his length of service with defendants. He contends that defendants terminated the relationship three months short of an anniversary, at which time his compensation level would have increased significantly. The agency and his accounts were then transferred to a "rookie" agent earning compensation at a substantially lower rate, thereby increasing defendants' earnings.

he sold a life insurance policy to an American Family employee in 2000 and directly paid a portion of the premium for the next four years; however, plaintiff denies that he engaged in the illegal practice of rebating premiums. Plaintiff contends that defendants initially charged an incorrect premium based on blood tests showing an elevated cholesterol level. Plaintiff had the customer provide blood samples after "fasting" which resulted in a lower cholesterol level and arguably qualified the customer for a lower premium. Over the next four years plaintiff submitted his own check for the difference in premiums to defendants and annually requested that defendants correct the premium charge.[3] Plaintiff asserts that defendants finally "re-priced" the premium rate *after* terminating his agency Agreement.

## Motion to Quash

As noted above, KID moves to quash based on (1) a state statute and (2) arguments that the records subpoena is unduly burdensome, overly broad, and includes work product. Plaintiff contends that Mr. Brungardt should not be allowed as a witness in the case if discovery is not permitted. The following background provides necessary context for the court's rulings.

Mr. Brungardt's designation as a witness and his affidavit were the subject of an

---

[3]

During the first four years plaintiff sent defendants (1) a check from the customer for the amount that "should have been charged" and (2) a check from plaintiff for the difference. Defendants accepted and cashed both checks without taking any action. When plaintiff apparently failed to send a check for the difference in 2005, defendants commenced their investigation into the premium payment situation.

-3-

earlier motion to strike by plaintiff. (Doc. 49).[4] Highly summarized, Mr. Brungardt voluntarily provided defendant with an affidavit for use in this case stating:

> (1) he is the Director of KID's Producer's Division and ***authorized to provide the affidavit***;
>
> (2) KID's agency position is that the circumstances surrounding plaintiff's partial payment of the insurance premium constitutes illegal rebating in violation of Kansas insurance statutes;
>
> (3) he exercised his discretion and decided not to pursue an investigation for illegal rebating against plaintiff because plaintiff had already been punished by termination of his agency agreement; and

Because Mr. Brungardt's affidavit and anticipated trial testimony are potentially damaging to plaintiff's claim, plaintiff seeks to depose Mr. Brungardt and secure the production of KID materials concerning the issue of rebating. The fourteen topics listed in plaintiff's record subpoena generally fall into three categories: (1) documents specifically concerning plaintiff, (2) documents addressing how KID has interpreted and applied the rebating statute, including complaints and investigative files concerning other agents accused of rebating; and (3) documents describing how the Department has previously responded to subpoenas in private civil cases.

KID argues that Mr. Brungardt's deposition and the requested documents are

---

[4] With respect to the motion to strike, plaintiff argued that defendants' Rule 26(e) supplemental disclosures of Mr. Brungardt as a witness and his affidavit were untimely. Defendants countered that Mr. Brungardt's testimony was for impeachment purposes; therefore, disclosure was not required under Rule 26(a)(1)(A)(i) and (ii). Because the court was unable to determine from the limited record whether Mr. Brungardt's testimony qualified as impeachment evidence, plaintiff's motion to strike was denied and discovery was reopened to avoid any prejudice to plaintiff. Memorandum and Order, Doc. 53. Plaintiff then served the Kansas Insurance Department with subpoenas for Mr. Brungardt's deposition testimony and the production of records.

-4-

privileged under K.S.A. § 40-4913(d)(2) and (d)(3); therefore, the motion to quash should be granted. However, given the unique circumstances of this case, the court is not persuaded by KID's argument.

K.S.A. § 40-4913 is part of the "Uniform Insurance Agents Licensing Act" adopted by Kansas in 2001. It requires an insurer to notify the commissioner whenever an insurer terminates an insurance agent for cause. Sections (d)(2) and (d)(3) provide:

> (d)(2) Any document, material or other information in the control or possession of the department that is furnished by an insurance entity ... shall be kept confidential by the commissioner. Such information shall not be made public or subject to subpoena, other than by the commissioner and then only for the purpose of enforcement actions taken by the commissioner pursuant to this act or any other provision of the insurance laws of this state.
>
> (d)(3) Neither the commissioner nor any person who received documents, materials, or other information while acting under the authority of the commissioner shall be required to testify in any private civil action concerning any confidential documents, materials or information subject to paragraph (2).

KID argues in a single sentence that "K.S.A. § 40-4913(d)(2) states some of the documents may be privileged as received pursuant to the statute."

The difficulty with KID's reliance on section (d)(2) is that K.S.A. § 40-4913(e) provides that section (d)(2) "expires on July 1, 2006, unless the legislature acts to reenact such provision." The party asserting the privilege (KID) carries the burden of showing that the claimed privilege is applicable. However, KID has provided no evidence that the

legislature reenacted section (d)(2) after its expiration on July 1, 2006.[5]

In addition to the issue of section (d)(2)'s expiration, Mr. Brungardt's affidavit discloses information concerning rebating allegations ***against plaintiff*** in apparent violation of sections (d)(2). Having volunteered such information in an affidavit for use in this case, KID cannot assert that Mr. Brungardt testimony is now privileged.[6] Similarly, KID has voluntarily allowed Mr. Brungardt to provide testimony, in the form of an affidavit, concerning KID's interpretation of the rebating statute.[7] It should come as no surprise that voluntarily allowing an employee to appear as an expert witness and express the agency's views on rebating would subject the agency to discovery.[8]

KID also asserts that "other documents may be subject to privilege because they are work product of KID." This single sentence is not adequate to establish that a document is protected from discovery by the work product doctrine. Under Fed. R. Civ. P. 26(b)(5) a party withholding information based on a claim of privilege must:

---

[5] The "History" in the Cumulative Supplement to the Kansas Statutes Annotated concerning K.S.A. 40-4913 does not show any legislative amendments after 2001. KID has not addressed this portion of the statute and the court will not engage in legislative research to develop arguments that should have been addressed by KID.

[6] In general, a party may not disclose information to support its position and then claim "privilege" when the information is the subject of a discovery request.

[7] Mr. Brungardt expressly noted in his affidavit that he was "authorized to provide the affidavit." KID makes no argument that Mr. Brungardt lacked authority to provide the affidavit or otherwise attempts to withdraw the affidavit.

[8] The specific names of other agents and insurance companies are not relevant to the issues before the court and KID may redact the names of other agents and insurance companies from the records requested in the subpoena.

-6-

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

KID's conclusory assertion that "other documents" may be protected by the work product doctrine fails to "describe the nature of the documents" in a manner that enables opposing counsel and the court to assess the privilege claim as required by Rule 26(b)(5). Accordingly KID's work product argument is rejected.

Finally, KID argues again in a single sentence that the requested documents are overly broad and unduly burdensome. KID fails to present *any* evidence that the requests are overly broad or unduly burdensome; thus, this argument is rejected.[9] Under the circumstances, KID has failed to carry its burden of persuasion and the motion to quash shall be denied.

**IT IS THEREFORE ORDERED** that KID's motion to quash **(Doc. 56)** is **DENIED**, subject to the redactions discussed in this opinion. Plaintiff's alternative request to strike Mr. Brungardt as a witness is **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. The deposition of Mr. Brungardt shall be scheduled and completed by February 12, 2010. KID shall also comply with plaintiff's record subpoena by February 1, 2010.

---

[9] Plaintiff raised the issue of KID's failure to provide any evidence of undue burden in his response brief. KID filed no reply brief challenging this argument.

A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of January 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge